IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY W. MITCHEM,<br><br>    Plaintiff,<br><br>    v.<br><br>CORRECTIONAL MEDICAL<br>SERVICES (CMS), MS. OTHELLO<br>(kitchen supervisor), and MS. RICE<br>(work counselor),<br><br>    Defendants. | Civ. No. 06-308-KAJ |

**MEMORANDUM ORDER**

Plaintiff Jeffrey W. Mitchem ("Mitchem"), an inmate at the Howard R. Young Correctional Institution, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, I am dismissing the claims against the Ms. Othello and Ms. Rice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.    THE COMPLAINT**

Mitchem alleges that Correctional Medical Services ("CMS") refuses to provide him with appropriate medical treatment in violation of the Eighth Amendment. He also alleges that nurses have been discussing his medical condition with unauthorized personnel. More particularly, Mitchem alleges that in October 2005 he was seen at the medical department with complaints of shoulder stiffness and numbness in his left arm.

Mitchem alleges that an x-ray of his back was performed even though he had no back complaints.  Mitchem returned to his prison job in the kitchen and at some point in time his supervisor, Ms. Othello ("Othello"), became angry with him because he was unable to work due to shoulder and left arm pain.  Mitchem alleges that Othello made the statement, "the people down at medical said there isn't anything wrong with you!" (D.I. 2, part IV, at 1.)  Othello would not tell Mitchem who made the statement.  Mitchem also alleges that he had an argument with Ms. Rice ("Rice"), the job counselor, concerning his medical condition wherein she told Mitchem that in the past he had told her that his "lower back was fine." *Id.* at p. 3.  Mitchem alleges that he never provided Rice with this information, and this shows she spoke to someone in the medical department because the staff thought he might have a pinched nerve in his back.

Mitchem alleges he filed a grievance for medical treatment because his requests for a follow-up appointment were ignored.  He also alleges that to date, he has not received any treatment.  He seeks compensatory damages for his pain and suffering and for the disclosure of his medical condition to unauthorized personnel.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

Mitchem's claims against Othello and Rice do not state a claim for a constitutional violation. The allegations are that on separate occasions, Mitchem had arguments regarding his medical condition with these two defendants.

Having an argument is somewhat similar to verbal abuse. Verbal abuse and harassment, however, do not rise to the level of a constitutional violation. *See Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa. 1993); *see also McBride v. Deer,* 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson,* 822 F.Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).

It may be that Mitchem attempts to allege an invasion of his privacy rights in referring to the discussions of his medical conditions with Othello and Rice. A prisoner retains a constitutional right to privacy in medical information. *Doe v. Delie*, 257 F.3d 309, 318 (3d Cir. 2001); *see Powell v. Schriver*, 175 F.3d 107, 112 (2d Cir. 1999). Information about a prisoner's medical information is of the most personal kind, and an individual has an interest in protecting against the purposeful dissemination of intensely private medical information. *Delie*, 257 F.3d at 318 (involving HIV-positive status).

Mitchem alleges that Othello and Rice must have received his medical information from someone, possibly from the medical department, and then they spoke to Mitchem about his medical condition. Even if Othello and Rice knew of Mitchem's confidential medical information, the arguments they had with Mitchem were solely with him, and there are no allegations that Othello and Rice disseminated the information to others. Indeed, the complaint contains no allegations that anyone overheard the arguments. Thus, if Mitchem has any claim based on the alleged improper dissemination of his confidential medical information, it is not against Othello or Rice.

The alleged actions of Othello and Rice did not violate Mitchem's constitutional rights. Mitchem's claims against Othello and Rice have no basis in law or in fact, Therefore, I am dismissing the claims as frivolous pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).

## IV.   CONCLUSION

IT IS THEREFORE ORDERED as follows:

1. The claims against Ms. Othello and Ms. Rice are DISMISSED without prejudice as legally and factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Mitchem has raised what appears at this point to be a cognizable medical claim against Correctional Medical Services. He is allowed to PROCEED with the claim.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Jeffrey W. Mitchem shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **remaining defendant, Correctional Medical Services,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Mitchem has provided the Court with copies of the complaint (D.I. 2) for service upon the remaining defendant and the attorney general. Mitchem is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant and the attorney general within 120 days of this order may result in the complaint being dismissed or defendant being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the Court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An

amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE

July 5, 2006
Wilmington, Delaware